UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VULCAN INC., | NO. |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| v. | JURY DEMAND |
| ZURICH AMERICAN INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY COMPANY, LLOYD'S OF LONDON SYNDICATE 1886 (QBE LEAD), EVEREST INDEMNITY INSURANCE COMPANY, ARCH SPECIALTY INSURANCE COMPANY, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, LLOYD'S OF LONDON SYNDICATE 2003 (XLC LEAD), WESTPORT INSURANCE CORPORATION, GREAT LAKES INSURANCE SE, INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE, EVANSTON INSURANCE COMPANY, LLOYD'S OF LONDON SYNDICATE 1686 (AXS LEAD), PARTNER RE IRELAND INSURANCE DAC, LLOYD'S OF LONDON SYNDICATE 0382 (HDU LEAD), LLOYD'S OF LONDON SYNDICATE 1414 (ASC LEAD), | |
| Defendants. | |

Plaintiff Vulcan Inc. ("Vulcan"), alleges for its Complaint as follows:

## I. INTRODUCTION

1.1. This is an insurance coverage action seeking declaratory relief under 28 U.S.C. § 2201. Plaintiff Vulcan purchased a tower of property insurance coverage from Defendant Insurers, with each of the Insurers insuring different portions or layers of that tower.[1] Some of the policies in the tower of insurance contain clauses requiring that "Legal action must be started within (12) twelve months after the date of direct physical loss or damage to Covered Property or to other property as set forth herein," or some approximation thereof ("Suit Against the Company Clauses").

1.2. Vulcan recently asked the Insurers to agree to toll the Suit Against the Company Clauses because the Insurers' coverage investigation of Vulcan's insurance claim was incomplete. Some of the Insurers responded by agreeing to toll, but others have yet to respond. One insurer, Endurance American Specialty Insurance Company, denied coverage in a letter dated March 10, 2021. Vulcan is thus filing this lawsuit because (i) there is an actual and justiciable controversy over coverage for Vulcan's insurance claim, and (ii) Vulcan must preserve its right to sue for coverage.

## II. PARTIES

2.1. **Vulcan Inc.** Plaintiff Vulcan is a Washington corporation. Vulcan's principal place of business is in King County, Washington. Vulcan brings this suit in its capacity as the

---

[1] The insurance companies appearing in the case caption are hereinafter collectively referred to as "Insurers."

COMPLAINT FOR DECLARATORY RELIEF - 2

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

First Named Insured and/or Named Insured under the policies issued by the Insurers, and on behalf of other insureds under the policies.

2.2. **Defendant Insurers.** Upon information and belief, Defendant Insurers are foreign corporations or entities with their principal places of business at various locations outside of Washington state. Defendant Insurers do business in Washington state.

### III. JURISDICTION AND VENUE

3.1. **Jurisdiction.** This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is diversity among the parties. Further, this Court has jurisdiction to issue declaratory relief under 28 U.S.C. § 2201.

3.2. **Venue.** Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this lawsuit occurred in this judicial district and because this lawsuit involves Vulcan's claim for insurance proceeds stemming from losses substantially occurring in King County, Washington.

### IV. FACTUAL BACKGROUND

4.1. **Vulcan's Property Insurance Tower.** Vulcan, through an insurance broker located in Washington, purchased a tower of property insurance from the Insurers. Upon information and belief, the policy numbers of the policies making up the tower are: MKLV14XP013191, BOWPN1900772, BOWPN1900820, BOWPN1900601, F590290, F01761072019, PRO154619000, NAP 045364007, PRP005614400, 6073179008, GPR10010106103, BOWPN1900599, RTX20005719, RP1CF00122-191, BOWPN1900606, and PPR5942535-11 ("Policies"). The Policies provides coverage, *inter alia*, for property damage,

business interruption and extra expense, decontamination, and interruption by communicable disease for losses occurring between November 1, 2019 and November 1, 2020.

4.2. **The Claim.** Vulcan tendered a claim ("Claim") to the Insurers associated with government shut-down orders, physical loss of property, and related costs in connection with the COVID-19 pandemic.

4.3. **The Investigation.** The Insurers have been investigating Vulcan's claim for almost a year, but—with the exception of Endurance American Specialty Insurance Company—have yet to issue final coverage positions. The Insurers, via an independent adjuster, have asked Vulcan several questions and Vulcan has responded (or is in the process of responding) to those questions.

4.4. **The Suit Against the Company Clauses.** Some of the Policies in Vulcan's property insurance tower contain Suit Against the Company Clauses.

4.5. **Choice of Law Clause.** At least one of the Policies in Vulcan's property insurance tower, that issued by Westport Insurance Corporation, purports to contain a New York choice of law and jurisdiction clause.

4.6. **Vulcan Requests Tolling.** Vulcan recently asked the Insurers to toll the Suit Against the Company Clauses because the Insurers had yet to issue final coverage positions. Some of the Insurers responded by agreeing to toll, but others have not responded. One insurer, Endurance American Specialty Insurance Company, denied coverage in a letter dated March 10, 2021. Vulcan is thus filing this lawsuit because (i) there is an actual and justiciable controversy over whether there is coverage for Vulcan's Claim (and what amount of coverage is available), and (ii) Vulcan must preserve its right to sue for coverage.

## V. FIRST CLAIM: DECLARATORY JUDGMENT

5.1. **Incorporation by Reference.** Vulcan re-alleges and incorporates by reference the preceding paragraphs.

5.2. **This Case Presents an Actual and Justiciable Controversy.** Vulcan seeks a judgment that the Policies cover the Claim and that the Insurers are responsible for timely and fully paying Vulcan's losses according to the Insurers' respective shares of liability. Vulcan also seeks a judgment that no suit limitations period for the Claim has run, and that its Claim is not otherwise time barred. Finally, Vulcan seeks a judgment that any choice of law and/or jurisdiction clause in any of the Policies calling for application of non-Washington law or for litigation in a non-Washington forum is void *ab initio* pursuant to RCW 48.18.200, *National Frozen Foods Corp. v. Berkley Assurance Co.*, 2017 WL 3781706 (W.D. Wash. 2017), and *Providence Health & Servs. v. Certain Underwriters at Lloyd's London*, 358 F. Supp. 3d 1195 (W.D. Wash. 2019).

## VI. JURY DEMAND

6.1. Pursuant to Federal Rule of Civil Procedure 38, Vulcan demands a jury on all issues so triable.

## VII. REQUEST FOR RELIEF

7.1. **Declaratory Judgment.** A declaratory judgment in favor of Vulcan that (i) the Policies cover the Claim and that the Insurers are responsible for timely and fully paying Vulcan's losses according to their shares of liability, (ii) Vulcan's instant suit is not time-barred by the Policies or otherwise; and (iii) any foreign choice of law and/or foreign jurisdiction clause in any of the Policies is void.

7.2. **Attorney's Fees and Costs of Suit.** For reasonable attorney's fees and costs, including, without limitation, actual attorney's fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.,* 117 Wn.2d 37, 811 P.2d 673 (1991).

7.3. **Other Relief.** Pre-judgment and post-judgment interest, and such other and further relief as the Court deems just, proper, and equitable.

DATED this 11th day of March, 2021.

> **GORDON TILDEN THOMAS & CORDELL LLP**
> Attorneys for Plaintiff Vulcan Inc.
>
> By   s/ *Dale L. Kingman*
>     Dale L. Kingman, WSBA #07060
>     dkingman@gordontilden.com
>
> By   s/ *Greg D. Pendleton*
>     Greg D. Pendleton, WSBA #38361
>     gpendleton@gordontilden.com
>
>     600 University Street, Suite 2915
>     Seattle, Washington 98101
>     206.467.6477

COMPLAINT FOR DECLARATORY RELIEF - 6

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477