1

2

3

4

**Honorable Barbara J. Rothstein**

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

VULCAN, INC.,

No. 2:21-cv-00336-BJR

8

Plaintiff,

**CERTAIN DEFENDANTS' ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIM**

9

vs.

10

ZURICH AMERICAN INSURANCE
COMPANY, et al.,

**JURY DEMAND**

11

12

Defendants.

13

Certain Defendants are Everest Indemnity Insurance Company, Arch Specialty Insurance

14

Company, Lloyd's of London Syndicate 2003 (XLC Lead), Great Lakes Insurance SE,

15

International Insurance Company Of Hannover, SE, Lloyd's of London Syndicate 1686 (AXS

16

Lead), and Lloyd's of London Syndicate 1414 (ASC Lead) (hereinafter collectively "Insurers"),

17

by and through undersigned counsel, hereby answer Plaintiff's Complaint with like headings and

18

like-numbered paragraphs as follows:

19

## INTRODUCTION

20

Insurers file this Answer, Affirmative Defenses and Counterclaim for Declaratory Relief

21

out of an abundance of caution to preserve their right to this court's diversity jurisdiction for the

22

reasons explained below.  As a preliminary matter, Insurers acknowledge that (in accordance with

23

a stipulation by the parties) the Court ordered a stay of this matter that relieves any party from

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 1
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1   having to file a motion or pleading during the stay period.  By filing this Answer, Affirmative

2   Defenses and Counterclaim for Declaratory Relief, Insurers do not intend to violate the stay, but,

3   rather, file their responsive pleading and counterclaim at this time to make clear how it intends to

4   proceed in this matter at such time as the stay expires.  In light of the stay, Insurers acknowledge

5   that Plaintiff has no obligation to respond to the counterclaim until after the stay expires.

6         Taking steps to preserve this Court's diversity jurisdiction is necessary to preclude Plaintiff

7   from possible forum shopping.  After Plaintiff filed this suit on the basis of diversity, Plaintiff is

8   now investigating whether complete diversity exists.  If diversity does not exist, of course, the case

9   should be remanded.  However, if diversity does exist, Insurers take this step to preserve their right

10   to remain in this Court and avoid possible dismissal by Plaintiff voluntarily and refile it (perhaps

11   with parties or allegations that destroy diversity) in another court to Insurers' disadvantage.

12   **<u>ANSWER</u>**

13   **I.  INTRODUCTION**

14       1.1    Everest Indemnity Insurance Company ("Everest") admits that it issued Policy No.

15   RP1CF00122-191 to Vulcan for the policy period November 1, 2019, through November 1, 2020;

16   Arch Specialty Insurance Company ("Arch") admits that it issued Policy No. PRP0056144-00 to

17   Vulcan for the policy period November 1, 2019, through November 1, 2020; Lloyd's of London

18   Syndicate 2003 (XLC Lead) admits that it issued Policy No. BOWPN1900599, Great Lakes

19   Insurance SE, International Insurance Company Of Hannover, SE, Lloyd's of London Syndicate

20   1686 (AXS Lead) admits that it issued Policy No. BOWPN1900820, and Lloyd's of London

21   Syndicate 1414 (ASC Lead) admits that it issued Policy No. BOWPN1900722 to Vulcan for the

22   policy period November 1, 2019, through November 1, 2020; Great Lakes Insurance SE ("Great

23   Lakes" ) admits that it issued Policy No. F01761072019 to Vulcan for the policy period November

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 2
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1, 2019, through November 1, 2020; International Insurance Company Of Hannover, SE, (aka "HDI Global Specialty SE") admits that it issued Policy No. PR0154619000 to Vulcan for the policy period November 1, 2019, through November 1, 2020; (hereinafter collectively "Policies"). Insurers further admit that some of the policies contain a clause requiring that "[l]egal action must be started within (12) twelve months after the date of direct physical loss or damage to Covered Property or to their property as set forth herein." Insurers lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.1 of Plaintiff's Complaint and therefore deny those allegations.

1.2     Insurers admit that Vulcan asked the defendant Insurers to agree to toll any time limitations purportedly imposed by their respective Suit Against the Company clauses. Insurers admit they denied coverage for Vulcan's insurance claim in a position letter dated August 24, 2021.  Insurers lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.2 of Plaintiff's Complaint and therefore deny those allegations.

## II.  PARTIES

2.1     **Vulcan Inc.**  Insurers lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.1 of Plaintiff's Complaint and therefore deny those allegations.

2.2     **Defendant Insurers.**  Insurers admit they have done business in King County, Washington.  Insurers lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2.2 of Plaintiff's Complaint and therefore deny those allegations.

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 3
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

### III. JURISDICTION AND VENUE

3.1   **Jurisdiction.** Insurers admit that jurisdiction is proper in this Court.

3.2   **Venue.** Insurers admit that venue is proper in this Court.

### IV. FACTUAL BACKGROUND

4.1   **Vulcan's Property Insurance Tower.** Insurers admit they issued the policies set forth in their answer to paragraph 1.1. The remaining allegations in paragraph 4.1 of Plaintiff's Complaint are denied. By way of further answer, Insurers refer to the Policies for their terms, conditions, limitations, exclusions, and endorsements.

4.2   **The Claim.** Insurers admit that Vulcan tendered a claim relating to COVID-19 to Insurers. Insurers refer to Vulcan's correspondence for the terms of the tender.

4.3   **The Investigation.** Insurers admit they denied coverage for Vulcan's insurance claim in a position letter dated August 24, 2021. Insurers lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.3 of Plaintiff's Complaint and therefore deny those allegations.

4.4   **The Suit Against the Company Clauses.** Insurers admit that some of their policies contain Suit Against the Company Clauses. By way of further answer, Insurers refer to the Policies for their terms, conditions, limitations, exclusions, and endorsements.

4.5   **Choice of Law Clause.** The allegations in paragraph 4.5 of Plaintiff's Complaint are not directed to Insurers and therefore do not require an answer from Insurers. If and to the extent that the allegations in paragraph 4.5 of Plaintiff's Complaint require an answer from Insurers, Insurers lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.5 of Plaintiff's Complaint and therefore deny those allegations.

4.6   **Vulcan Requests Tolling.** Insurers admit that Vulcan asked for a tolling

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

agreement.  Insurers admit they denied coverage for Vulcan's insurance claim in a position letter dated August 24, 2021.

## V.  FIRST CLAIM:  DECLARATORY JUDGMENT

5.1    **Incorporation by Reference.**  Insurers re-allege and incorporate by reference the responses to Plaintiff's Complaint in the preceding paragraphs.

5.2    **This Case Presents an Actual and Justiciable Controversy.**  The allegations in paragraph 5.2 of Plaintiff's Complaint are legal conclusions that do not require an answer from Insurers.  To the extent that the allegations in paragraph 5.2 of Plaintiff's Complaint are not directed to Insurers, they do not require an answer from Insurers. If and to the extent that the allegations in paragraph 5.2 of Plaintiff's Complaint require an answer from Insurers, Insurers deny the allegations in paragraph 5.2 of Plaintiff's Complaint.

## VI.  JURY DEMAND

6.1    Paragraph 6.1 of Plaintiff's Complaint contains only Plaintiff's demand for a jury trial and thus does not require an answer from Insurers.

## VII.  REQUEST FOR RELIEF

7.1    **Declaratory judgment.**  The allegations in paragraph 7.1 of Plaintiff's Complaint are legal conclusions that do not require an answer from Insurers.  Additionally, the allegations in Paragraph 7.1 of Plaintiff's Complaint constitute Plaintiff's prayer for relief, to which no response is required.  To the extent that Paragraph 7.1 of Plaintiff's Complaint requires a response, Insurers deny that Plaintiff is entitled to recover from Insurers any of the relief requested or any relief whatsoever.

7.2    **Attorney's Fees and Costs of Suit.**  Paragraph 7.2 of Plaintiff's Complaint constitutes Plaintiff's prayer for relief, to which no response is required.  To the extent that

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

Paragraph 7.2 of Plaintiff's Complaint requires a response, Insurers deny that Plaintiff is entitled to recover from Insurers any of the relief requested or any relief whatsoever.

7.3     **Other Relief.**  Paragraph 7.3 of Plaintiff's Complaint constitutes Plaintiff's prayer for relief, to which no response is required.   To the extent that Paragraph 7.3 of Plaintiff's Complaint requires a response, Insurers deny that Plaintiff is entitled to recover from Insurers any of the relief requested or any relief whatsoever.

## OMNIBUS DENIAL

Insurers deny each and every allegation in Plaintiff's Complaint that Insurers have not heretofore answered, addressed, or controverted.

## DEFENSES

FURTHER ANSWERING Plaintiff's Complaint, and without admitting any allegation that Insurers previously denied, and without accepting or assuming any burden of proof that is properly Plaintiff's burden of proof, Insurers assert the following affirmative defenses.

### First Defense

Plaintiff asserts claims against Insurers upon which relief cannot be granted.

### Second Defense

The factual allegations in Plaintiff's Complaint do not suffice to support Plaintiff's respective causes of action against Insurers.

### Third Defense

Plaintiff's respective claims are barred to the extent that Plaintiff respectively failed to mitigate or minimize its alleged damages.

### Fourth Defense

Plaintiff's claims are barred to the extent Plaintiff has failed to satisfy any obligations,

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 6
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

1   covenants, and conditions precedent and subsequently required under the Policies.

2   **Fifth Defense**

3   Plaintiff's claims are barred, in whole or in part, by the terms, conditions, agreements,

4   exclusions, definitions, limitations, and/or endorsements contained in the Policies.

5   **Sixth Defense**

6   In the event it is determined that coverage exists for any part of Plaintiff's claims under the

7   Policies, recovery is limited by all deductibles, limits, and sub-limits contained therein.

8   **Seventh Defense**

9   Plaintiff's respective insurance claims are limited or barred in whole or in part by Plaintiff's

10  failure to demonstrate a "Covered Cause of Loss," as required by the Policies' insuring

11  agreements.

12  **Eighth Defense**

13  Plaintiff's claims may be barred or limited, in whole or in part, to the extent there is no

14  direct physical loss of or damage to covered property, as required by the Policies' insuring

15  agreements.

16  **Ninth Defense**

17  The Complaint fails to state a claim for relief against Insurers as to coverage under the

18  Policies' Time Element provisions.

19  **Tenth Defense**

20  The Complaint fails to state a claim for relief against Insurers as to coverage under the

21  Policies' Civil or Military Authority provisions.

22  **Eleventh Defense**

23  Plaintiff's respective insurance claims are limited or barred in whole or in part by Plaintiff's

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 7
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1  failure to demonstrate an order of civil or military authority issued in response to "direct physical

2  loss of or damage" sufficient to trigger coverage under the Civil or Military Authority provisions

3  in the Policies.

**Twelfth Defense**

5  Plaintiff's respective insurance claims are limited or barred in whole or in part by Plaintiff's

6  failure to demonstrate that access was prohibited to an insured location by an order of civil or

7  military authority sufficient to trigger coverage under the Civil or Military Authority provisions in

8  the Policies.

**Thirteenth Defense**

10  The Complaint fails to state a claim for relief against Insurers as to coverage under the

11  Policies' Contingent Time Element provisions.

**Fourteenth Defense**

13  Plaintiff's respective insurance claims are limited or barred in whole or in part by Plaintiff's

14  failure to demonstrate the suspension of its business activities at an insured location resulting from

15  "direct physical loss of or damage caused by a Covered Cause of Loss to Property (of the type

16  insurable under this Policy) at Direct Dependent Time Element Locations, Indirect Dependent

17  Time Element Locations, and Attraction Properties located worldwide" sufficient to trigger

18  coverage under the Contingent Time Element provisions in the Policies.

**Fifteenth Defense**

20  The Complaint fails to state a claim for relief against Insurers as to coverage under the

21  Policies' Ingress/Egress coverage.

**Sixteenth Defense**

23  Plaintiff's respective insurance claims are limited or barred in whole or in part by Plaintiff's

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1    failure to demonstrate that ingress or egress to an insured location was "prevented by physical
2    obstruction due to direct physical loss of or damage" sufficient to trigger Ingress/Egress coverage
3    in the Policies.

4    **Seventeenth Defense**

5    The Complaint fails to state a claim for relief against Insurers as to coverage under the
6    Infectious or Contagious Disease provisions in the Policies.

7    **Eighteenth Defense**

8    Plaintiff's respective insurance claims are limited or barred in whole or in part by Plaintiff's
9    failure to demonstrate the necessary interruption of its business a result of "competent regulatory
10   authority prohibiting access to an insured location in consequence of . . . a reportable disease or
11   condition manifested by any person while at the insured location or an outbreak of a reportable
12   disease or condition within the insured location," or, "an enquiry being carried out by a competent
13   regulatory authority, or by the Insured as a result of a reportable disease or condition," sufficient
14   to trigger coverage under the Infectious or Contagious Disease provisions in the Policies.

15   **Nineteenth Defense**

16   Plaintiff's respective insurance claims are barred by the Everest Policy's Seepage and/or
17   Pollution and/or Contamination Exclusion.

18   **Twentieth Defense**

19   Plaintiff's respective insurance claims are barred by the Arch Policy's Pollution and
20   Contamination Exclusion.

21   **Twenty-First Defense**

22   Plaintiff's respective insurance claims are barred by the XL Catlin Policy's Microorganism
23   Exclusion.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1

**Twenty-Second Defense**

2    Plaintiff's respective insurance claims are limited or barred in whole or in part by the

3  Policies' contamination exclusions.

4

**Twenty-Third Defense**

5    Plaintiff's respective insurance claims are limited or barred in whole or in part by the

6  Policies' delay, loss of market, or loss of use exclusions.

7

**Twenty-Fourth Defense**

8    Plaintiff's respective insurance claims are limited or barred in whole or in part by the

9  Policies' indirect or remote loss or damage exclusions.

10

**Twenty-Fifth Defense**

11    Plaintiff's respective insurance claims are limited or barred in whole or in part by the

12  Policies' exclusions for "loss during any idle period that would have been experienced had the

13  Suspension of business activities not occurred."

14

**Twenty-Sixth Defense**

15    Plaintiff's respective insurance claims are limited or barred in whole or in part by the

16  Policies' exclusions for "Suspension, cancellation or lapse of any lease, contract, license or

17  orders."

18

**Twenty-Seventh Defense**

19    Coverage under the Policies for Civil or Military Authority, Contingent Time Element, and

20  Ingress/Egress is limited to $10 million per occurrence and coverage for Infectious or Contagious

21  Disease is limited to $1,000,000 per occurrence, Plaintiff's respective insurance claims do not

22  reach the attachment point for the Great Lakes, HDI Global Specialty, Ascot and Axis Policies.

23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1

**Twenty-Eighth Defense**

2

Plaintiff's claims are barred to the extent that Plaintiff has unclean hands.

3

**Twenty-Ninth Defense**

4

Plaintiff's claims are barred by the doctrine of waiver.

5

**Thirtieth Defense**

6

Plaintiff's claims are barred by the doctrine of estoppel.

7

**Thirty-First Defense**

8

Insurers reserve the right to amend this Answer to add affirmative defenses, counterclaims,

9

or third-party claims.

10

**PRAYER FOR RELIEF**

11

WHEREFORE, Insurers pray for judgment and relief as follows:

12

A.      For judgment dismissing Plaintiff's Complaint against Insurers with prejudice,

13

without an award to Plaintiff of any relief or damages of any nature, and without an award of fees

14

or costs to Plaintiff;

15

B.      For an award of any and all other relief that is available to Insurers at law or in

16

equity; and

17

C.      For any such other relief that the Court deems to be fair, just, and equitable.

18

**JURY DEMAND**

19

Insurers hereby demands a trial by jury of all issues so triable.

20

**COUNTERCLAIM FOR DECLARATORY JUDGMENT**

21

COMES NOW, Everest Indemnity Insurance Company, Arch Specialty Insurance

22

Company, XL Catlin, Great Lakes Insurance SE, International Insurance Company Of Hannover,

23

SE, Axis Capital Holdings, Ltd. and Ascot Syndicate ("Insurers"), by and through undersigned

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 11
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

counsel, and submits their Counterclaim for Declaratory Judgment against Plaintiff Vulcan, Inc. as follows:

## I.  **INTRODUCTION**

1.1.    This declaratory judgment counterclaim seeks to resolve an insurance-coverage dispute between Insurers who participate in a multi-layered insurance program and Vulcan, which owns and operates a variety of companies involved in technology, telecommunications, multimedia, energy, real estate, professional sports teams, and event venues.

1.2.    In the wake of the COVID-19 pandemic, Vulcan made a claim for insurance coverage under the program for claimed losses as a result of COVID-19.  After investigating Vulcan's claim, Insurers determined no coverage was provided under their respective insurance Policies.

1.3.    Insurers denied coverage in part because Vulcan cannot show direct physical loss of or damage to its properties, as required under the Policies' insuring agreements and coverage provisions for Time Element loss, Civil or Military Authority, Ingress/Egress, Extra Expense, Leasehold Interest, Contingent Time Element and Decontamination Costs.

1.4.    Insurers' Policies also include a Contamination exclusion that bars coverage for losses caused by virus. Individual Insurers' Policies also include applicable exclusions.

1.5.    The Policies also do not extend coverage under their Infectious and Contagious Disease endorsement because Vulcan has not provided information to demonstrate coverage under that provision.

1.6.    Insurers seek a declaration of their rights and obligations under the Policies from this Court, including that there is no coverage for Vulcan for its claim under the Policies.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

## II.  **PARTIES**

2.1.    Everest Indemnity Insurance Company is incorporated in Delaware, with its principal place of business at 100 Everest Way, Warren, New Jersey.

2.2.    Arch Specialty Insurance Company is incorporated in Missouri, with its principal place of business located at 2345 Grand Blvd., Suite 900, Kansas City, MO.

2.3.    XL Catlin is incorporated under the laws of the United Kingdom, with its principal place of business in the United Kingdom.

2.4.    XL Catlin is a capital provider to Lloyd's Syndicate 2003, which is an underwriting syndicate properly doing business within the Lloyd's of London insurance marketplace.  XL Catlin provides 100 percent of the capital of Syndicate 2003 for the XL Catlin Policy.

2.5.    Syndicate 2003 subscribed to 1 percent of the XL Catlin Policy.  Therefore, in the event it were determined that coverage exists for the Insured's insurance claim, XL Catlin would be required to pay 1 percent of any covered claims under the XL Catlin Policy, which in this instance would be well in excess of $75,000.

2.6.    By virtue of provisions in the XL Catlin Policy, all other subscribing Lloyd's syndicates and Insurers to the XL Catlin Policy including their respective capital providers, agree to be bound by any judgment awarded in favor of, and to fund their respective several shares of any judgment against, XL Catlin by any court of competent jurisdiction in the United States.

2.7.    Great Lakes Insurance SE is incorporated under the laws of the United Kingdom, with its principal place of business in Munich, Germany.

2.8.    International Insurance Company of Hannover, SE (aka HDI Global Specialty SE) is incorporated under the laws of European Union, with its principal place of business in Hannover, Germany.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2.9.     Axis Capital Holdings, Ltd. is incorporated under the laws of the United Kingdom, with its principal place of business in the United Kingdom.

2.10.    Axis is a capital provider to Lloyd's Syndicate 1686, which is an underwriting syndicate properly doing business within the Lloyd's of London insurance marketplace.  Axis provides 100 percent of the capital of Syndicate 1686 for the Axis Policy.

2.11.    Syndicate 1686 subscribed to 5 percent of the Axis Policy.  Therefore, in the event it were determined that coverage exists for the Insured's insurance claim, Axis would be required to pay 5 percent of any covered claims under the Axis Policy, which in this instance would be well in excess of $75,000.

2.12.    By virtue of provisions in the Axis Policy, all other subscribing Lloyd's syndicates and Insurers to the Axis Policy including their respective capital providers, agree to be bound by any judgment awarded in favor of, and to fund their respective several shares of any judgment against, Axis by any court of competent jurisdiction in the United States.

2.13.    Ascot Syndicate is incorporated under the laws of the United Kingdom, with its principal place of business in the United Kingdom.

2.14.    Ascot is a capital provider to Lloyd's Syndicate 1414, which is an underwriting syndicate properly doing business within the Lloyd's of London insurance marketplace.  Ascot provides 100 percent of the capital of Syndicate 1414 for the Ascot Policy.

2.15.    Syndicate 1414 subscribed to 2.25% percent of the Ascot Policy.  Therefore, in the event it were determined that coverage exists for the Insured's insurance claim, Ascot would be required to pay 2.25 percent of any covered claims under the Ascot Policy, which in this instance would be well in excess of $75,000.

2.16.    By virtue of provisions in the Ascot Policy, all other subscribing Lloyd's syndicates

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 14
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

and Insurers to the Ascot Policy including their respective capital providers, agree to be bound by any judgment awarded in favor of, and to fund their respective several shares of any judgment against, Ascot by any court of competent jurisdiction in the United States.

2.17.   Vulcan, Inc. is incorporated in Washington with its principal place of business in King County, Washington.

## III.   JURISDICTION AND VENUE

3.1.   This Court has jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity among the parties.  Further, this Court has jurisdiction to issue declaratory relief under 28 U.S.C. §2201.

3.2.   Venue is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to this lawsuit occurred in this judicial district and because the lawsuit involves Vulcan's claim for insurance proceeds stemming from losses substantially occurring in King County, Washington.

## IV.   FACTUAL BACKGROUND

### THE POLICIES

4.1.   For the period of November 1, 2019 to November 1, 2020, Insurers issued individual policies of insurance to defendant Vulcan, Inc. as the first named insured, subject to their applicable terms, limitations, and exclusions (collectively the "Policies").  The Policies are part of a multi-layered insurance program (the "Program").

4.2.   The individual Policies issued by each participating Insurer include unique declaration pages, schedules, notices, and endorsements (collectively "Insurer-Specific Forms"). In addition, each Insurer's Policy includes a standard Policy form (the "Global Form"), which does not vary among the Insurers other than statements on the first page which set forth the details

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 15
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

regarding each Insurer's participation in the Program (e.g., the layers and percentages in which it participates), and the Insurer-specific signature block.

4.3.     To avoid undue burden and repetition, Insurers are not attaching copies of all of the individual policies to this Counterclaim. The policies are voluminous and Vulcan possesses copies of the applicable policies. Insurers will make the policies available to the Court at the appropriate time in this action.

## GLOBAL POLICY FORM

4.4.     The Policies only provide coverage for "direct physical loss of or damage" to covered property, as follows:

SECTION I – POLICY APPLICABILITY

* * *

1.01.    INSURING AGREEMENT

This Policy Insures against direct physical loss of or damage caused by a **Covered Cause of Loss** to Covered Property, at an Insured Location described in Section II-2.01., all subject to the terms, conditions and exclusions stated in this Policy.

4.5.    **Covered Cause of Loss** is defined by the Policies as all risks of direct physical loss of or damage from any cause unless excluded.  Thus, for coverage under the Policies to be triggered, there must be direct physical loss of or damage to insured property.

4.6.     Inasmuch as the mere presence of the SARS-CoV-2 virus and/or government orders related to COVID-19 do not cause physical loss of or damage to property, Vulcan cannot meet its burden to establish a covered loss caused by direct physical loss of or damage to property caused by a covered cause of loss.

4.7.     Time Element coverage under the Policies only applies in the event of direct physical loss of or damage to property, as follows:

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 16
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1    SECTION IV – TIME ELEMENT

2    4.01.    LOSS INSURED

3    4.01.01.    The Company will pay for the actual Time Element loss the Insured
             sustains, as provided in the Time Element Coverages, during the
4            Period of Liability. The Time Element loss must result from the
             necessary **Suspension** of the Insured's business activities at an
5            Insured Location. The **Suspension** must be due to direct physical
             loss of or damage to Property (of the type insurable under this Policy
6            other than **Finished Stock**) caused by a **Covered Cause of Loss** at
             the **Location**, or as provided in Off Premises Storage for Property
7            Under Construction Coverages.

8            The Company will also pay for the actual Time Element loss
             sustained by the Insured, during the Period of Liability at other
9            Insured Locations. The Time Element loss must result from the
             necessary **Suspension** of the Insured's business activities at the
10           other Insured Locations. Such other **Location** must depend on the
             continuation of business activities at the Location that sustained
11           direct physical loss or damage caused by a **Covered Cause of Loss**.

12       4.8.    Inasmuch as the mere presence of the SARS-CoV-2 virus and/or government orders

13   related to COVID-19 do not cause physical loss of or damage to property, Vulcan cannot meet its

14   burden to establish a covered time element loss.

15       4.9.    The Policies' Civil or Military Authority provision specifies that the Policies afford

16   coverage when an order of civil authority prohibits access to an Insured Location and results from

17   a civil authority's response to "direct physical loss of or damage caused by a **Covered Cause of**

18   **Loss**," as follows:

19   5.02.03.    CIVIL OR MILITARY AUTHORITY

20           The Company will pay for the actual Time Element loss sustained
             by the Insured, as provided by this Policy, resulting from the
21           necessary **Suspension** of the Insured's business activities at an
             Insured Location if the **Suspension** is caused by order of civil or
22           military authority that prohibits access to the **Location**. That order
             must result from a civil authority's response to direct physical loss
23           of or damage caused by a **Covered Cause of Loss** to property not

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 17
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

owned, occupied, leased or rented by the Insured or insured under this Policy and located within the distance of the Insured's Location as stated in the Declarations. The Company will pay for the actual Time Element loss sustained, subject to the deductible provisions that would have applied had the physical loss or damage occurred at the Insured Location, during the time the order remains in effect, but not to exceed the number of consecutive days following such order as stated in the Declarations up to the limit applying to this Coverage.

4.10.    Coverage for Civil or Military Authority is limited to a 60 day period for property within 1 mile but not to exceed a $10,000,000 limit.

4.11.    Inasmuch as access to Vulcan's property was not prohibited and the mere presence of the SARS-CoV-2 virus does not cause physical loss of or damage to property, Vulcan cannot meet its burden to establish a covered loss under the Civil or Military Authority provision.

4.12.    The Policies' Ingress/Egress provision specifies when ingress or egress is prevented by physical obstruction due to direct physical loss of or damage caused by a **Covered Cause of Loss** to property not owned, occupied, leased or rented by the Insured or insured under the Policies, as follows:

5.02.15.    INGRESS/EGRESS

The Company will pay for the actual Time Element loss sustained by the Insured, as provided by this Policy, resulting from the necessary **Suspension** of the Insured's business activities at an Insured Location if ingress or egress to that Insured Location by the Insured's suppliers, customers or employees is prevented by physical obstruction due to direct physical loss of or damage caused by a **Covered Cause of Loss** to property not owned, occupied, leased or rented by the Insured or insured under this Policy and located within the distance of the Insured Location as stated in the Declarations. The Company will pay for the actual Time Element loss sustained, subject to the deductible provisions that would have applied had the physical loss or damage occurred at the Insured Location, during the time ingress or egress remains prevented by physical obstruction but not to exceed the number of consecutive days as stated in the Declarations following such obstruction up to

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 18
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

the limit applying to this Coverage.

4.13.    Coverage for Ingress/Egress is limited to a 60 day period for property within 1 mile but not to exceed a $10,000,000 limit.

4.14.    Inasmuch as ingress/egress to Vulcan's property was not prevented by any physical obstruction and the mere presence of the SARS-CoV-2 virus does not cause physical loss of or damage to property, Vulcan cannot meet its burden to establish a covered loss under the Civil or Military Authority provision.

4.15.    The Policies include various other extensions of coverage, including Extra Expense, Leasehold Interest, Contingent Time Element and Decontamination Costs.   These provisions only afford coverage when there is "direct physical loss of or damage caused by a **Covered Cause of Loss**."

4.16.    Inasmuch as the mere presence of the SARS-CoV-2 virus and/or government orders related to COVID-19 do not cause physical loss of or damage to property, Vulcan cannot meet its burden to establish a covered loss under the Policies' Extra Expense, Leasehold Interest, Contingent Time Element and Decontamination Costs provisions.

4.17.    Coverage for Extra Expense is limited to $25,000,000.

4.18.    Coverage for Leasehold Interest, Contingent Time Element and Decontamination Costs is limited to $10,000,000 each.

4.19.    The Policies include the following Contamination Exclusion:

3.03.           EXCLUSIONS

3.03.01.           The following exclusions apply unless specifically stated elsewhere in this Policy:

3.03.01.01.                 **Contamination**, and any cost due to **Contamination** including the inability to use or occupy property or any cost

of making property safe or suitable for use or occupancy, except as provided by the Radioactive Contamination Coverage of this Policy.

4.20.    **Contamination** is defined by the Policies as "Any condition of property due to the actual presence of any foreign substance, impurity, pollutant, hazardous material, poison, toxin, pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, Fungus, mold or mildew."

4.21.    Inasmuch as Vulcan's alleged losses result from **Contamination**, which is defined to include virus and disease causing or illness causing agents, and/or any cost due to **Contamination** including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy, Vulcan's losses are excluded from coverage.

4.22.    The Policies include the following additional exclusions:

3.03.        EXCLUSIONS

3.03.01.        The following exclusions apply unless specifically stated elsewhere in this Policy:

***

3.03.02.        This Policy excludes:

3.03.02.01.        Loss or damage arising from delay, loss of market, or loss of use.

3.03.02.02.        Indirect or remote loss or damage.

***

3.03.02.05.        Loss or damage resulting from the Insured's suspension of business activities, except to the extent provided by this Policy.

4.23.    Inasmuch as Vulcan's losses were caused by loss of market, or any indirect or remote loss or damage, Vulcan's losses are excluded from coverage.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4.24.   The Policies include the following additional exclusions applicable to Time Element coverage:

| 4.02.06. | EXCLUSIONS |
|---|---|

In addition to the exclusions elsewhere in this Policy, the following exclusions apply to Time Element Coverage:

4.02.06.01.   This Policy does not insure against:

4.02.06.01.01.   Any loss during any idle period that would have been experienced had the **Suspension** of business activities not occurred. This includes, but is not limited to, when production, operation, services, delivery or receipt of goods or services or any other business activities would have ceased, or would not have taken place or would have been prevented due to:

4.02.06.01.01.01.   Planned or rescheduled shutdown;

4.02.06.01.01.02.   Strikes or other work stoppage; or

4.02.06.01.01.03.   Any reason other than physical loss or damage insured by this Policy.

4.02.06.01.02.   Any increase in Time Element loss due to:

4.02.06.01.02.01   Suspension, cancellation or lapse of any lease, contract, license or orders

\*\*\*

4.02.06.01.02.04.   Any other consequential or remote factors.

4.02.06.01.04   Any Time Element loss due to physical loss or damage not insured by this Policy on or off of the Insured Location.

However, in the event that a Suspension is due to a Covered Cause of Loss and during such Suspension a loss that is otherwise excluded occurs, the Company will pay for the Time Element loss which is directly caused by the Covered Cause of Loss to Covered Property under this Policy.

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 21
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4.25.   Inasmuch as Vulcan's losses were caused by "other consequential or remote factors" or any losses incurred when production, operation, services, delivery or receipt of goods or services or any other business activities would have ceased, or would not have taken place or would have been prevented due to any reason other than physical loss or damage insured by the Policies or suspension, cancellation or lapse of any lease, contract, license or orders, Vulcan's losses are excluded from coverage.

4.26.   The Everest Indemnity Insurance Company ("Everest") Policy also contains the following exclusion:

**SEEPAGE AND/OR POLLUTION AND/OR CONTAMINATION EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL PROPERTY MANUSCRIPT POLICY

1.   **SEEPAGE AND/OR POLLUTION AND/OR CONTAMINATION EXCLUSION**

Notwithstanding any provisions in the policy to which this Endorsement is attached, this policy does not insure against loss, damage, costs or expenses in connection with any kind or description of seepage and/or pollution and/or contamination, direct or indirect, arising from any cause whatsoever. Nevertheless if a peril not excluded from this policy arises directly or indirectly from seepage and/or pollution and/or contamination any loss or damage insured under this policy arising directly from that peril shall (subject to the terms, conditions and limitations of the policy) be covered.

However, if the insured property is the subject of direct physical loss or damage for which this Company has paid or agreed to pay then this policy (subject to its terms and conditions and limitations) insures against direct physical loss or damage of the property insured hereunder caused by resulting seepage and/or pollution and/or contamination.

The Insured shall give notice to the Company of intent to claim

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 22
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

no later than 12 months after the date of the original physical loss or damage.

4.27.   Inasmuch as Vulcan's alleged losses result from seepage and/or pollution and/or contamination, Vulcan's losses are excluded from coverage under the Everest Policy.

4.28.   The Arch Specialty Insurance Company ("Arch") Policy also contains the following Endorsement:

**POLLUTION AND CONTAMINATION EXCLUSION ENDORSEMENT**

Notwithstanding any other provisions to the contrary in the policy to which this endorsement is attached, it is agreed that:

This policy does not cover any loss, damage, cost or expense caused by, resulting from, contributed to or made worse by actual, suspected, alleged or threatened presence, discharge, dispersal, seepage, migrations, introduction, release or escape of "Pollutants or Contaminants", all whether direct or indirect, proximate or remote or in whole or in part caused by, contributed to or aggravated by any physical damage insured by this policy, except as specifically referenced below.

\*\*\*

"Pollutants or Contaminants" means any material, whether solid, liquid, gaseous or otherwise, which can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder. "Pollutants or Contaminants" include, but are not limited to, foreign substances, impurities, hazardous materials, poisons, toxins, pathogens or pathogenic organisms, bacteria, virus, and any disease causing or illness causing agents.

4.29.   Inasmuch as Vulcan's losses result from "Pollutants or Contaminants," which are defined to include virus and disease causing or illness causing agents, Vulcan's losses are excluded from coverage under the Arch Policy.

4.30.   The XL Catlin Policy also contains the following provision:

**MICROORGANISM EXCLUSION (ABSOLUTE)**

This Policy does not insure any loss, damage, claim, cost, expense or other sum directly or indirectly arising out of or relating to:

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

mold, mildew, fungus, spores or other microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health.

This Exclusion applies regardless whether there is (i) any physical loss or damage to insured property; (ii) any insured peril or cause, whether or not contributing concurrently or in any sequence; (iii) any loss of use, occupancy, or functionality; or (iv) any action required, including but not limited to repair, replacement, removal, cleanup, abatement, disposal, relocation, or steps taken to address medical or legal concerns.

This Exclusion replaces and supersedes any provision in the Policy that provides insurance, in whole or in part, for these matters.

4.31.    Inasmuch as Vulcan's losses result from microorganisms of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health, Vulcan's losses are excluded from coverage under the XL Catlin Policy.

4.32.    The Policies include an Infectious or Contagious Disease endorsement, as follows:

### INFECTIOUS OR CONTAGIOUS DISEASE

This policy covers the Actual Loss Sustained incurred by the Insured during the Period of Liability due to the necessary interruption of the Insured's business when such interruption is a result of competent regulatory authority prohibiting access to an insured location in consequence of:

1)    a reportable disease or condition manifested by any person while at the insured location or an outbreak of a reportable disease or condition within the insured location

\*\*\*

5)    an enquiry being carried out by a competent regulatory authority, or by the Insured as a result of a reportable disease or condition

\*\*\*

The Period of Liability for this TIME ELEMENT COVERAGE EXTENSION will be:

The period of time:

1)    starting at the time the competent regulatory authority prohibits

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

access, and

    2)    ending with the earlier of the following:

        a)    when the competent regulatory authority concludes the prohibited access, or

        b)    the number of consecutive days shown in the LIMITS OF LIABILITY clause on the DECLARATIONS section.

this period of time is part of and not in addition to any PERIOD OF LIABILITY applying to any othe (sic) coverage provided in the TIME ELEMENT section.

4.33.    Coverage for Infectious or Contagious Disease is limited to $1,000,000 per occurrence.

4.34.    Inasmuch as Vulcan has not established that persons manifested COVID-19 while at the insured premises and has not provided information demonstrating that any order of a competent regulatory authority prohibited access at its locations as a consequence of the virus that causes COVID-19 manifested by a person, an outbreak of COVID-19 within these locations, or an enquiry being carried out as a result of COVID-19, the Policies do not provide coverage under this endorsement.

4.35.    Great Lakes subscribed to an excess layer insurance policy issued to Vulcan that attaches at the $100 million layer.

4.36.    Because coverage for Civil or Military Authority, Contingent Time Element, Leasehold Interest, Decontamination Costs and Ingress/Egress is limited to $10 million per occurrence, coverage for Extra Expense is limited to $25,000,000 per occurrence, and coverage for Infectious or Contagious Disease is limited to $1,000,000 per occurrence, even if those coverages were triggered (which Great Lakes contends they are not), such coverages would not reach Great Lakes' attachment point.

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4.37.   HDI subscribed to an excess layer insurance policy issued to Vulcan that attaches at the $100 million layer.

4.38.   Because coverage for Civil or Military Authority, Contingent Time Element, Leasehold Interest, Decontamination Costs and Ingress/Egress is limited to $10 million per occurrence, coverage for Extra Expense is limited to $25,000,000 per occurrence and coverage for Infectious or Contagious Disease is limited to $1,000,000 per occurrence, even if those coverages were triggered (which HDI contends they are not), such coverages would not reach HDI's attachment point.

4.39.   Ascot subscribed to an excess layer insurance policy issued to Vulcan that attaches at the $250 million layer.

4.40.   Because coverage for Civil or Military Authority, Contingent Time Element, Leasehold Interest, Decontamination Costs and Ingress/Egress is limited to $10 million per occurrence, coverage for Extra Expense is limited to $25,000,000 per occurrence and coverage for Infectious or Contagious Disease is limited to $1,000,000 per occurrence, even if those coverages were triggered (which Ascot contends they are not), such coverages would not reach Ascot's attachment point.

4.41.   Axis subscribed to an excess layer insurance policy issued to Vulcan that attaches at the $250 million layer.

4.42.   Because coverage for Civil or Military Authority, Contingent Time Element, Leasehold Interest, Decontamination Costs and Ingress/Egress is limited to $10 million per occurrence, coverage for Extra Expense is limited to $25,000,000 per occurrence and coverage for Infectious or Contagious Disease is limited to $1,000,000 per occurrence, even if those coverages were triggered (which Axis contends they are not), such coverages would not reach Axis'

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1   attachment point.

2                          **VULCAN'S INSURANCE CLAIM**

3          4.43.    On or about April 20, 2020, a notice of loss was provided through Vulcan's broker

4   describing the claim as "related to COVID-19, government orders, suspension of business

5   activities, and the like."  The notice also stated, "please be advised that these losses are continuing

6   and may be further affected by developing circumstances and various actions being taken in

7   connection with coronavirus/COVID-19."   The notice listed eight properties as Vulcan's

8   "immediate concern."

9          4.44.    On June 3, 2020, Insurers issued a reservation of rights letter to Vulcan with

10  requests for information.

11         4.45.    Vulcan provided its responses to Insurers' request for information for six of its

12  locations on August 4, 2020.  Attached to those responses were multiple government orders related

13  to COVID-19 shutdowns.

14         4.46.    On February 4, 2021, Insurers requested additional information from Vulcan

15  regarding Vulcan's Washington state locations including the Museum of Pop Culture, Century

16  Link/Lumen Field and Event Center, First & Goal/Football Northwest Training Facility, and

17  Football Northwest Retail Stores.

18         4.47.    Vulcan provided additional information in response to Insurers' February 4 letter

19  on April 7, 2021.

20         4.48.    The information provided by Vulcan did not demonstrate that it sustained direct

21  physical loss of or damage to property.

22         4.49.    Vulcan also did not provide information regarding positive COVID-19 tests at its

23  properties or information related to government or Vulcan-led enquiries as a result of COVID-19.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4.50.    On August 24, 2021, Insurers denied coverage for Vulcan's claim.

## V.  <u>FIRST CLAIM: DECLARATORY RELIEF</u>

5.1.    Insurers re-allege and incorporate by reference each and every allegation in the preceding paragraphs, as if set forth here in their entirety.

5.2.    As confirmed by Vulcan's prior allegations in this lawsuit, an actual controversy has arisen between Insurers and Vulcan regarding Insurers' respective rights, duties, and legal relations under the Policies with respect to Vulcan's claim for insurance benefits.  In particular, but not exclusively, those disputed issues include:

a)    Whether Vulcan can establish "direct physical loss of or damage to" property caused by a **Covered Cause of Loss**, by showing the presence of the SARS-CoV-2 virus or a loss of use or similar non-tangible disruptions associated with governmental COVID-19 orders;

b)    Whether Vulcan's covered property, or other property within 1 mile thereof, suffered any "direct physical loss of or damage to" property;

c)    Whether access to Vulcan's property was "prohibited" or "prevented" by government orders related to COVID-19;

d)    Whether, based on the preceding issues, Vulcan's claimed losses fall within the Policies' coverages for Time Element, Civil or Military Authority, Ingress/Egress, Extra Expense, Leasehold Interest, Contingent Time Element, or Decontamination Costs;

e)    Whether the Policies' exclusion for loss resulting from "contamination," defined as virus, infectious or contagious disease, or similar exclusionary language used in any Insurer-Specific Forms, precludes coverage for Vulcan's claimed losses;

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

f)      Whether other exclusions in the Policies preclude coverage for Vulcan's claimed losses;

g)      Whether the Policies' Infectious or Contagious Disease Endorsement provides coverage for Vulcan's claimed losses;

h)      Whether coverage exists for Vulcan's claimed losses under the Policies.

5.3.    Resolution of the parties' rights, duties, and obligations in connection with the foregoing is necessary because Insurers have no other adequate remedy at law, and a declaration from the Court is needed to resolve the dispute and controversy.

5.4.    Insurers therefore seek the following declarations from the Court:

a)      Vulcan cannot establish "direct physical loss of or damage to" property insured by the Policies through the presence of the SARS-CoV-2 virus;

b)      Vulcan cannot establish "direct physical loss of or damage to" property insured by the Policies through a loss of use or similar non-tangible disruptions associated with governmental COVID-19 orders;

c)      Neither Vulcan's covered property, nor other property within 1 mile thereof, suffered any "direct physical loss of or damage to" as a result of the SARS-CoV-2 virus, governmental orders related to COVID-19, or otherwise;

d)      The government orders related to COVID-19 did not prohibit or prevent "access" to Vulcan's covered locations;

e)      The Policies do not provide coverage under their Time Element, Civil or Military Authority, Ingress/Egress, Extra Expense, Leasehold Interest, Contingent Time Element, and Decontamination Costs provisions based on a) through d) above;

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

f)    The Policies' exclusion for loss resulting from "contamination," defined to include virus, precludes coverage for Vulcan's claimed losses;

g)    The Everest Policy's exclusions for loss resulting from "seepage and/or pollution and/or contamination" precludes coverage for Vulcan's claimed losses under the Everest Policy;

h)    The Arch Policy's exclusion for loss resulting from "Pollutants or Contaminants," defined to include virus, precludes coverage for Vulcan's claimed losses under the Arch Policy;

i)    The XL Catlin Policy's exclusion for microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health precludes coverage for Vulcan's claimed losses under the XL Catlin Policy;

j)    The Policies' Infectious or Contagious Disease Endorsement does not provide coverage for Vulcan's claimed losses because Vulcan did not a suffer a "necessary interruption" to its business as a result of a "competent regulatory authority prohibiting access to an insured location in consequence of": (1) "a reportable disease or condition manifested by any person while at the insured location or an outbreak of a reportable disease or condition within the insured location," or (2) "an enquiry [sic] being carried out by a competent regulatory authority, or by the Insured as a result of a reportable disease or condition.";

k)    Even if coverage were triggered under the Civil or Military Authority, Contingent Time Element, Ingress/Egress, Extra Expense, Decontamination Costs, Leasehold Interest or Infectious or Contagious Disease provisions (which it is not), Great

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 30
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

Lakes and HDI would not be liable for such losses as the sublimits for those coverage provisions fall well below Great Lakes and HDI's $100 million attachment point;

l) Even if coverage were triggered under the Civil or Military Authority, Contingent Time Element, Ingress/Egress, Extra Expense, Decontamination Costs, Leasehold Interest or Infectious or Contagious Disease provisions (which it is not), Ascot and Axis would not be liable for such losses as the sublimits for those coverage provisions fall well below Ascot and Axis' $250 million attachment point;

m) No coverage exists for Vulcan's claimed losses under the Policies.

## VI. <u>JURY DEMAND</u>

6.1. Insurers demand a jury on all issues so triable.

## VII. <u>PRAYER FOR RELIEF</u>

7.1. Insurers request a declaratory judgment in favor of Insurers, and against Vulcan, adjudging and declaring that:

a) Vulcan cannot establish "direct physical loss of or damage to" property insured by the Policies through the presence of the SARS-CoV-2 virus;

b) Vulcan cannot establish "direct physical loss of or damage to" property insured by the Policies through a loss of use or similar non-tangible disruptions associated with governmental COVID-19 orders;

c) Neither Vulcan's covered property, nor other property within 1 mile thereof, suffered any "direct physical loss of or damage to" as a result of the SARS-CoV-2 virus, governmental orders related to COVID-19, or otherwise;

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

d)     The government orders related to COVID-19 did not prohibit or prevent "access" to Vulcan's covered locations;

e)     The Policies do not provide coverage under their Time Element, Civil or Military Authority, Ingress/Egress, Extra Expense, Leasehold Interest, Contingent Time Element, and Decontamination Costs provisions based on a) through d) above;

f)     The Policies' exclusion for loss resulting from "contamination," defined to include virus, precludes coverage for Vulcan's claimed losses;

g)     The Everest Policy's exclusions for loss resulting from "seepage and/or pollution and/or contamination" precludes coverage for Vulcan's claimed losses under the Everest Policy;

h)     The Arch Policy's exclusion for loss resulting from "Pollutants or Contaminants," defined to include virus, precludes coverage for Vulcan's claimed losses under the Arch Policy;

i)     The XL Catlin Policy's exclusion for microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health precludes coverage for Vulcan's claimed losses under the XL Catlin Policy;

j)     The Policies' Infectious or Contagious Disease Endorsement does not provide coverage for Vulcan's claimed losses because Vulcan did not a suffer a "necessary interruption" to its business as a result of a "competent regulatory authority prohibiting access to an insured location in consequence of": (1) "a reportable disease or condition manifested by any person while at the insured location or an outbreak of a reportable disease or condition within the insured location," or (2)

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1   "an enquiry [sic] being carried out by a competent regulatory authority, or by the

2   Insured as a result of a reportable disease or condition.";

3   k)   Even if coverage were triggered under the Civil or Military Authority, Contingent

4   Time Element, Ingress/Egress, Extra Expense, Decontamination Costs, Leasehold

5   Interest or Infectious or Contagious Disease provisions (which it is not), Great

6   Lakes and HDI would not be liable for such losses as the sublimits for those

7   coverage provisions fall well below Great Lakes and HDI's $100 million

8   attachment point;

9   l)   Even if coverage were triggered under the Civil or Military Authority, Contingent

10   Time Element, Ingress/Egress, Extra Expense, Decontamination Costs, Leasehold

11   Interest or Infectious or Contagious Disease provisions (which it is not), Ascot and

12   Axis would not be liable for such losses as the sublimits for those coverage

13   provisions fall well below Ascot and Axis' $250 million attachment point;

14   No coverage exists for Vulcan's claimed losses under the Policies.

15   //

16   //

17   //

18

19

20

21

22

23

Certain Defendants' Answer, Affirmative Defenses and Counterclaim – 33
Cause No.:  2:21-cv-00336-BJR

3084283 / 1571.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1       7.2.      Insurers also request any and all further relief as may be necessary, proper, or just

2  in the circumstances.

3       Dated this 26th day of October, 2021.

4

*s/Carl E. Forsberg*
Carl E. Forsberg, WSBA #17025

5  Forsberg & Umlauf, P.S.
901 Fifth Ave., Suite 1400

6  Seattle, WA  98164
Phone:  (206) 689-8500

7  cforsberg@foum.law

8

*s/Jonathan R. MacBride*
Jonathan R. MacBride (admitted *pro hac vice*)

9  Zelle LLP
1635 Market Street, Suite 1600

10  Philadelphia, PA  19103
Phone:  (484) 532-5341

11  jmacbride@zelle.com

12

*s/Matthew L. Gonzalez*
Matthew L. Gonzalez (admitted *pro hac vice*)

13  Zelle LLP
45 Broadway, Suite 920

14  New York, NY  10006
Phone:  (646) 876-4410

15  mgonzalez@zelle.com

16  Attorneys for Defendants Everest Indemnity
Insurance Company, Arch Specialty Insurance

17  Company, XL Catlin, Great Lakes Insurance SE,
International Insurance Company Of Hannover, SE,

18  Axis Capital Holdings, Ltd., and Ascot Syndicate

19

20

21

22

23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX