THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VULCAN LLC; et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>ZURICH AMERICAN INSURANCE COMPANY; et al.,<br><br>               Defendants. | No.: 2:21-cv-00336-BJR<br><br>STIPULATED MOTION AND ORDER TO CONTINUE THE STAY |

The Parties collectively submit this Stipulated Motion and [Proposed] Order to continue the stay of proceedings in this action for approximately one month.

**1. FACTS**

The Court is familiar with the background facts.  Briefly, on March 12, 2021, Vulcan filed a Complaint for Declaratory Relief.  Dkt. 1.  The matter was subsequently stayed by minute order.  Dkt. 71.  Since that time, the Plaintiffs have settled with and dismissed several Defendants.  Dkt. 75.  The Plaintiffs have also agreed to settle with several more Defendants; those settling parties are currently gathering signatures on an agreed-upon settlement document.  Plaintiff and the remaining defendants continue to work toward amicably

concluding this litigation early in the New Year and expect it to be ready for dismissal shortly thereafter.  *See* Joint Status Report (filed contemporaneously with this motion).

The parties wish to extend the stay of the current proceedings to allow time for all signatures to be gathered and obligations under the settlement agreement to be satisfied, and to allow for the Plaintiffs to conclude this litigation with the remaining Defendants.  The parties thus request an Order continuing the stay in this case for approximately one month.

## 2.  AUTHORITY

"A district court has the inherent power to stay its proceedings."  *Oregon Mut. Ins. Co. v. Ham & Rye, LLC*, 2010 WL 2787852 at *3 (W.D. Wash. July 14, 2010) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id.*  A court may enter a stay if it finds "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979).  When considering a motion to stay, the court weighs several competing interests (the "*Landis* factors"):  (1) the hardship or inequity a party may suffer if the stay is not granted; (2) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay; and (3) the possible damage that may result from the granting of the stay.  *Id.* (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The *Landis* factors weigh in favor of continuing the stay this case.  First, because all Parties agree that a short continuance is appropriate, no party will suffer hardship or inequity from a stay.  Second, the orderly course of justice will be furthered insofar as a case is almost ready for dismissal (and thus removal from the Court's docket).  Third, extending the stay for one month will avoid damage to any party by leaving the litigation open until obligations

1   under the settlement agreement are satisfied.

2        In light of foregoing IT IS HEREBY STIPULATED AND AGREED, by and between

3   the Parties, that this action should be stayed consistent with the Proposed Order attached to

4   this motion.

5        DATED:  December 15, 2022

6

| GORDON TILDEN THOMAS & CORDELL, LLP | BULLIVANT HOUSER BAILEY PC |
|---|---|
| By: s/ Greg Pendleton<br>   Dale L. Kingman, WSBA #07060<br>   Greg D. Pendleton, WSBA #38361<br><br>Email: dkingman@gordontilden.com<br>       gpendleton@gordontilden.com<br><br>*Attorneys for Plaintiffs* | By: s/ Daniel R. Bentson<br>   Daniel R. Bentson, WSBA #36825<br><br>Email: dan.bentson@bullivant.com<br><br>HINSHAW & CULBERTSON<br><br>By: s/ Courtney Murphy<br>   Courtney Murphy, *pro hac vice* (pending)<br><br>Email: courtney.murphy@hinshaw.com<br><br>*Attorneys for Defendants Certain Underwriters at Lloyd's London Subscribing to Policy Nos. BOWPN1900599 and BOWPN1900606, and Partner Re Ireland Insurance DAC* |
| CLYDE & CO. US, LLP<br><br>By: s/ Susan K. Sullivan<br>Susan K. Sullivan, WSBA #21725<br><br>Email: susan.sullivan@clydeco.us<br><br>*Attorneys for Defendants Endurance American Specialty Insurance Company, Continental Casualty Company, and Certain Underwriters at Lloyd's London Subscribing to Policy No. BOWPN1900601* | FORSBERG & UMLAUF, P.S.<br><br>By: s/ Carl E. Forsberg<br>   Carl E. Forsberg, WSBA #17025<br><br>Email: cforsberg@foum.law<br><br>ZELLE, LLP<br><br>By: s/ Jonathan R. MacBride<br>   Jonathan R. MacBride, *pro hac vice*<br>   Matthew L. Gonzalez, *pro hac vice*<br><br>Email: jmacbride@zelle.com<br>       mgonzalez@zelle.com |

|  |  |
|---|---|
|  | *Attorneys for Defendants Everest Indemnity Insurance Company, Arch Specialty Insurance Company, Great Lakes Insurance SE, International Insurance Company of Hannover, SE, and Certain Underwriters at Lloyd's London Subscribing to Policy Nos. BOWPN1900599, BOWPN1900820, and BOWPN19007722* |
| DLA PIPER, LLP (US)<br><br>By: s/ Anthony Todaro<br>    Anthony Todaro, WSBA #30391<br><br>Email: anthony.todaro@dlapiper.com<br><br>*Attorneys for Defendant Westport Insurance Corporation* |  |

## ORDER

The Court has considered the parties' Stipulated Motion to Continue the Stay in this action, and for good cause shown,

IT IS HEREBY ORDERED that the stay in this action is continued through January 13, 2023.  The parties shall submit to the Court a joint status report (or appropriate Rule 41 filings) on or before January 13, 2023.

IT IS SO ORDERED this 19th day of December 2022.

_____
THE HONORABLE BARBRA J. ROTHSTEIN